# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2024 CJ 1141

## STATE OF LOUISIANA IN THE INTEREST OF S.J., S.J., S.L.

Judgment Rendered: **FEB 2 1 2025**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of Washington
State of Louisiana
Trial Court No. J-23-69

The Honorable Scott Gardner, Judge Presiding

* * * * *

| | |
|---|---|
| Rebecca Henderson<br>Mandeville, LA | Attorney for Plaintiffs-Appellees,<br>S.J., S.J., and S.L. (Minor Children) |
| Kimberly E. DeBrock<br>Covington, LA | Attorney for Appellee,<br>The Louisiana Department of Children and<br>Family Services |
| Jane C. Hogan<br>Hammond, LA<br>-and-<br>Sarabeth T. Bradley<br>Covington, LA | Attorneys for Appellant,<br>K.L. (Minors' Mother) |
| Linda S. Stadler<br>Slidell, LA | Attorney for Appellee,<br>E.L. (Minors' Father) |
| J. Collin Sims<br>District Attorney<br>Harold Bartholomew, Jr.<br>Assistant District Attorney<br>Covington, LA | Attorneys for Appellee,<br>The State of Louisiana |

* * * * *

BEFORE: THERIOT, HESTER, AND EDWARDS, JJ.

**HESTER, J.**

In this child in need of care proceeding, the mother, K.L., appeals a judgment awarding guardianship of her three eldest children, S.J., S.J., and S.L., to their maternal grandparents and ordering visitation to be at the children's request and the caretaker's discretion. For the following reasons, we affirm the portion of the judgment awarding guardianship to the minors' maternal grandparents, vacate the portion of the judgment ordering visitation to be at the children's request and the caretaker's discretion, and remand the matter to the juvenile court to set specific visitation periods, if any, for K.L.

## FACTS AND PROCEDURAL HISTORY

On July 17, 2023, the Louisiana Department of Children and Family Services (DCFS) received a report of neglect involving three minor children: S.J., S.J., and S.L. As a result of the report, DCFS conducted an investigation and concluded that the children would be at an unreasonable risk of harm if left in the care and control of the parents. On August 10, 2023, the juvenile court signed an instanter order finding emergency removal necessary and removing S.J., S.J., and S.L. from the home of K.L. and S.L.'s father, E.L.[1] The children were placed in the home of their maternal grandparents, S.P. and K.P.

On August 15, 2023, the State filed a child in need of care petition alleging that the children were in need of care "as a result of neglect, abuse[,] or abandonment and that the [children's] physical and emotional health is threatened." K.L. stipulated that the children were in need of care without admitting the allegations in the petition.

On August 29, 2024, a permanency hearing occurred. During the hearing, K.L. stipulated to DCFS's report dated August 14, 2024, in which DCFS

_____

[1] The biological father of S.J. and S.J. is deceased.

recommended that guardianship of S.J., S.J., and S.L. be granted to the maternal grandparents. At the hearing, DCFS also recommended that the court order that "the mother is allowed to have at least two hours of visitation per week at the grandmother's supervision[.]" Counsel for the children and counsel for the maternal grandparents stipulated to DCFS's recommendation of guardianship to the maternal grandparents but objected to DCFS's recommendation of two-hour weekly supervised visitation for K.L. After the hearing, the juvenile court signed the permanency hearing order, finding that guardianship was in the best interest of the children and granting guardianship of S.J., S.J., and S.L. to the maternal grandparents.[2] The juvenile court further ordered that "visitation between [K.L] and the children...shall be at the children's request and at the caretaker's discretion." It is from this order that K.L. appeals, contending that the juvenile court erred by leaving visitation to the sole discretion of the guardians.

## DISCUSSION

The purpose of guardianship is to provide a permanent placement for children when neither reunification with a parent nor adoption has been found to be in their best interest; to encourage stability and permanence in the lives of children who have been adjudicated to be in need of care and have been removed from the custody of their parent; and to increase the opportunities for the prompt permanent placement of children, especially with relatives, without ongoing supervision by DCFS. La. Ch. C. art. 718(A); **State in Interest of M.N.**, 2023-0174 (La. App. 1st Cir. 6/23/23), 370 So.3d 744, 748, <u>writ denied</u>, 2023-00947 (La. 9/6/23), 369 So.3d 1269. It is intended to ensure that the fundamental needs of children are met and the constitutional rights of all parties are recognized and enforced. La. Ch. C. art. 718(B); **State in Interest of M.N.**, 370 So.3d at 748.

---

[2] At the time of the hearing, E.L., the biological father of S.L., was incarcerated. He was represented at the hearing and through his attorney, "[s]tipulated without admission" to the recommendation presented by DCFS.

3

Louisiana Children's Code article 723(B) provides that the "guardianship order shall address the frequency and nature of visitation or contact between the child and his parent, as necessary to ensure the health, safety, and best interest of the child." Herein, the district court ordered visitation between K.L. and the children to be at the children's request and at the caretaker's discretion. While the juvenile court gave well-considered reasons for doing so, Article 723(B) requires that the guardianship order address the frequency and nature of the visitation between the children and the parent. Leaving visitation up to the discretion of the children and the caretaker does not comply with the mandate of the article. See **State in Interest of N.L.**, 54,429 (La. App. 2d Cir. 3/30/22), 335 So.3d 1018, 1025. Accordingly, we remand this matter to the juvenile court to set specific visitation periods, if any,[3] for K.L.

## CONCLUSION

For the foregoing reasons, the portion of the juvenile court's judgment awarding guardianship of S.J., S.J., and S.L. to the maternal grandparents, S.P. and K.P., is affirmed. We vacate the portion of the juvenile court's judgment ordering visitation to be at the children's request and the caretaker's discretion. We remand this matter to the juvenile court to set specific visitation periods, if any, for K.L.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

---

[3] The 2011 Comment to La. Ch. C. art. 723 provides in part, "[t]he court's authority to limit frequency of visitation includes the authority to forbid contact with the parent altogether. If there is proof by clear and convincing evidence that parental contact would cause substantial harm to the child, contact can be constitutionally eliminated."

4